# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

September 6, 2006

| | |
|---|---|
| Donna L. Culver<br>Curtis S. Miller<br>Morris, Nichols, Arsht<br>& Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br><br>Robert Stark<br>Emilio A. Galván<br>Dana S. Montone<br>Brown Rudnick Berlack<br>Israels LLP<br>Seven Times Square<br>New York, NY 10036<br><br>Attorneys for Plaintiff<br>OHC Liquidation Trust | Russell C. Silberglied<br>Cynthia L. Collins<br>Richards, Layton & Finger, P.A.<br>P.O. Box 551<br>Wilmington, DE 19899<br><br>Louis A. Modugno<br>Jeffrey Bernstein<br>Scott M. Palatucci<br>McElroy, Deutsch, Mulvaney<br>& Carpenter, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075<br><br>Attorneys for Defendant,<br>United States Fire Insurance<br>Company |

**Re: OHC Liquidation Trust v. United States Fire Insurance Company**
   **Adv. Proc. No. 04-57054**

Dear Counsel:

This is with respect to Plaintiff's motion for partial summary judgment (Doc. # 12) and Defendant's cross-motion for partial summary judgment (Doc. # 19). For the reasons set forth below, I will deny Plaintiff's motion and grant Defendant's cross-motion.

Plaintiff's partial summary judgment motion seeks an award of $6,450,681 out of the $8,000,000 that is being sought in this action. Plaintiff presents the following statement of the "undisputed" facts:

> As demonstrated by the relevant business records, as of April 16, 2006, of the $13,606,952.35 in Bonds that U.S. Fire had issued on Oakwood's behalf which were cancelled on or around April 13, 20004, liability in the amount of $12,057,633 on the Bonds has either expired by the terms of the Bonds, been released by the beneficiary of the Bonds, or have been called, leaving no liability on those Bonds. Thus, potential liability continues to exist only with respect to $1,549,319 of the Bonds ($13,606,952 less $12,057,633) and this is the maximum amount of OHC's money that U.S. Fire would have any basis to continue to hold. See Buczkowski Aff. At Exhibit C. (Doc. # 13, p.6)

Presumably the "relevant business records" are summarized in the "chart" identified as Exhibit C in Mr. Buczkowski's affidavit. To state that this chart demonstrates undisputed facts which supports an award of $6,450,681 is a gross mischaracterization. There are many reasons why the chart cannot be the basis for an award of summary judgment. I will cite just a few.

(1) Neither Plaintiff's brief nor Mr. Buczkowski's affidavit attempt to explain or analyze the chart to show how Plaintiff arrived at the $6,450,681 request. The chart is not self explanatory. Its shortcomings include the following. Under the column "Bond Amount" the vast majority of the listed surety bonds

3

show that amount to be "$0.00".[1]  The chart has a column labeled "Total before terminations".  I do not know the significance of this label or the numbers listed under it, and Plaintiff's brief offers no explanation.  Under the column labeled "Cancellation Status/Acknowledgement" numerous items are listed as "No response."  I do not know what this means or its significance to interpreting the chart.

(2) Plaintiff's chart identifies 123 surety bonds. Defendant's chart identifies 658 surety bonds.  In its reply brief, Plaintiff does not challenge the information in Defendant's chart.  Indeed, in its brief Defendant identifies numerous bonds with alleged continuing liabilities that are not listed in Plaintiff's chart.  Plaintiff's reply is silent as to this factual conflict.

(3) According to my count, under the column heading "Cancellation Status/Acknowledgement" Plaintiff identifies just 10 surety bonds having a "Liability Terminates" of some date in the future.  I found some correlation between those items and various hand written notations made on the cancellation notices (Exhibit B to Mr. Buczkowski's affidavit). Presumably, in creating the chart, Ms. Brown referred to hand written notations on some of the cancellation notices regarding statute of limitations and/or "tails".  However, in reviewing the cancellation notices I counted

---

[1] In contrast, the chart produced by Defendant (Exhibit B to Mr. Belinski's affidavit) identifies the dollar amount for each of the bonds under the heading of "Bond Penalty Amount".

at least 21 of those notices as having hand written notations regarding a statute of limitations and/or a "tail" extending liability far beyond the cancellation date.

(4) To the extent the chart reflects what "appropriate state agencies" related to Ms. Brown it is hearsay.

In its reply brief, Plaintiff acknowledges that "[a]lthough it is true, that potential liability may exist for a period of time after cancellation of a Bond, the OHC Trust has sought summary judgment only with respect to those Bonds that have been cancelled and for which "tail" liability has expired." (Doc. # 23, p. 4) The problem is, however, that Plaintiff has not offered undisputed evidence as to what bonds fall within that category. Without citation to any authority, Plaintiff asserts that Defendant bears the burden to prove what liability remains on the bonds. I do not agree. In the breach of contract count of the complaint Plaintiff asserts: "U.S. Fire's refusal to return the excess funds being held in the reserve, which funds U.S. Fire will never need in connection with the Bonds, constitutes a breach by U.S. Fire of the December 2001 Agreement." (Doc. # 1, ¶ 37) How can a plaintiff who asserts a breach of contract count argue that it does not have the burden of proving such a breach?  This is black letter law: "Burden of proof. A party's duty to prove a disputed assertion or charge." Black's Law Dictionary (8th ed.).

5

With respect to Defendant's cross-motion for summary judgment as to Counts I, II, VI and VII, Plaintiff offers no reply. The only reference to the cross-motion in Plaintiff's reply brief is a footnote which states as follows:

> The OHC Trust recognizes that the legal issues surrounding Counts I, II, V, VI, and VII of its Complaint are identical to the issues that this Court considered and decided in an opinion in <u>OHC Liquidation Trust v. Discover Re and United States Fidelity & Guaranty Co. (In re Oakwood Homes Corp.)</u>, 02-13396, 05-51766, 2006 WL 1314664 (Bankr. D. Del. May 10, 2006). The OHC Trust's motion for partial summary judgment is limited to its claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. (Doc. # 23, p.5)

Since Plaintiff has filed a notice of completion of briefing (Doc. # 25), I must assume that it has elected to not respond to the cross-motion for partial summary judgment and I will, therefore, grant that motion.

Very truly yours,

*/s/ Peter J. Walsh*

Peter J. Walsh

PJW:ipm